Lynn A. MISENER, et al., Plaintiffs,

v.

GENERAL MOTORS, et al., Defendants.

No. 92–C–156 G.

United States District Court,
D. Utah,
Central Division.

Feb. 22, 1996.

**106**

Jeffrey D. Eisenberg, Colin P. King, Paul Simmons, Wilcox Dewsnup & King, Salt Lake City, UT, for Plaintiffs.

Shawn E. Draney, Snow, Christensen & Martineau, Salt Lake City, UT, Theodore E. Kanell, Hanson Epperson & Smith, Salt Lake City, UT, Steven L. Reitenour, Bowman & Brooke, Minneapolis, MN, and Ronald P. Weitzman, Bowman & Brooke, Detroit, MI, for Defendants.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The plaintiff, Lynn A. Misener, was severely injured when a General Motors (GM) 1977 Blazer vehicle owned and driven by one Manson was involved in a roll over accident. Misener was a passenger in the vehicle. Misener contends she had her safety belt buckled prior to the time the Blazer left the road and rolled over. She was thrown from the vehicle and it is her contention that the safety belt unfastened, probably due to inertial unlatching. She contends the seat belt in the vehicle was therefore defective. The evidence plaintiff will present at trial is that the roll over of the Blazer vehicle was a "foot ball" type roll over and not a side roll over. Critical to plaintiff's theory of the case is that the restraint and buckle system was deficient to withstand the forcible acceleration and inertial forces.

The plaintiff has made a motion in limine (Rule 104(a) F.R.E.) to introduce a video tape and data from the "N Car" crash tests conducted by GM. The tests were conducted in June and December 1991 prior to the accident in this case. The test is a side impact vehicle collision. The conditions of the tests do not involve conditions substantially similar to the accident involving the Misener accident, except that both of the incidents probably involved acceleration and gravity (G) forces on the safety restraint system of a similar nature to what was experienced in the Misener accident. In the accidents involved in the "N Car" tests, the seat belt restraint buckles released. The belt buckles in GM vehicles range over various manufacturing periods and designs from type I to type VI. The mechanical features of the buckles are substantially similar to each other so that evidence of unbuckling due to inertial forces on one belt type could be relevant to unbuckling of another type. The mechanical engineering principles in the buckles are substantially similar although there are different physical design components.

The videos of the N Car tests show a side belt seat restraint and a phenomena of unbuckling that is arguably attributable to a side slapping of the belt against a person's hip or leg (in the tests a dummy was used). The principle of inertial unlatching is illustrated in the video as well as a visualization of the effects of inertial and acceleration (G) forces against the restraint system. The speed of the collision in the test is slower than that which was probably involved with the Misener accident. A test incident report on the N tests was prepared by GM (Exhibit I). Plaintiffs' expert's opinion is that the unbuckling in the "N" car tests is attributable to inertial accelerations which override the design premise of the buckle.

Because of the dissimilarity between the circumstances of the plaintiffs' accident and the "N" test unbuckling, it cannot be said that the tests could be used to support a conclusion that the belt restraint system and buckle in the Misener accident was defective. The circumstances and the varied and different nature of acceleration forces will not support enough identity to be probative of a defect. Further, the videos and test report are not directly probative of causation of any unlatching in the Misener circumstance. However, plaintiff does not seek to use evidence to show defect or causation.

The video does illustrate relevant principles of acceleration and gravity forces, inertial forces, and inertial unlatching, includ-

ing side slap unlatching. These phenomena and scientific principles are relevant to the plaintiffs' theory of the case. The video is helpful and probative evidence of assistance to the trier of fact in understanding applicable physics principles arguably involved in or applicable to the circumstances of the Misener accident. Of course, the video is not hearsay as there is no assertion. Rule 801(c) F.R.E. As to the test reports they are non hearsay admissions of GM. Rule 801(d)(2)(A) & (B) F.R.E.

It is well established in the Tenth Circuit that video and other test evidence is admissible to illustrate scientific, physics and mechanical principles relevant to the litigation. *Brandt v. French,* 638 F.2d 209, 211–212 (10th Cir.1981) (evidence of filmed test admissible to illustrate inertia, velocity and like characteristics and mechanical principles); *Robinson v. Audi Nsu Auto Union Aktiengesellschaft,* 739 F.2d 1481 (10th Cir. 1984) (tests admissible to illustrate mechanical principles); *Bannister v. Town of Noble,* 812 F.2d 1265, 1267 (10th Cir.1987) (crash test not admissible to recreate the accident but to illustrate mechanical principles); *Harvey v. General Motors,* 873 F.2d 1343 (10th Cir.1989) (video tapes of vehicle roll overs are admissible to assist the jury in understanding relevant events. The issue was a defective latch); *Four Corners Helicopters Inc. v. Turbomeca,* 979 F.2d 1434 (10th Cir. 1992) (tests admissible to illustrate mechanical principles); *Hinds v. General Motors,* 988 F.2d 1039 (10th Cir.1993) (video admissible to show mechanical conditions); *Gilbert v. Cosco, Inc.,* 989 F.2d 399 (10th Cir.1993) (in litigation involving a child restraint system, sled test evidence was relevant to demonstrate scientific principles); *Robinson v. Missouri Pacific R. Co.,* 16 F.3d 1083 (10th Cir.1994) (video animation admissible to illustrate scientific principles allied to how an accident occurred). Recently, in *Estate of Montag v. Honda Motor Co.,* 75 F.3d 1414 (10th Cir.1996) the plaintiffs contended an occupant's seat belt came unlatched during a collision of plaintiff's vehicle with a train. An occupant was thrown from the vehicle and sustained severe brain damage. A video of a

train collision was admitted. Defendant objected because the video involved dissimilar circumstances. Plaintiffs contended the seat belt in the Honda vehicle was defective. The court held the video of the train collision impact was admissible to illustrate scientific principles. The case is directly applicable to this motion.

■ Where the video or other evidence is offered to illustrate scientific principles, the fact that the circumstances are dissimilar does not preclude admissibility. *Robinson,* supra; *Gilbert,* supra; *Four Corners Helicopters,* supra; *Estate of Montag,* supra. In this case, the court finds the video and test data are logically probative of the scientific principles of inertial unlatching and the application of various acceleration and gravity forces to a seat belt restraint system. Therefore, the evidence may be admitted for that purpose. However, a carefully tailored instruction should be given as to the limited purpose for the admission of the evidence. Rule 105, F.R.E.; *Harvey v. General Motors,* supra. Plaintiff and defendant should submit proposed instructions or a joint instruction if they can agree on it.

■ In addition, plaintiff argues that the "N Car" test video and evidence is admissible to establish notice to GM of the phenomena of seat belt inertial unlatching. The use of such evidence to establish notice is legitimate. The use of the evidence for that purpose would not be hearsay because the material is not being offered for the truth of the matter asserted. Rule 801(c) F.R.E. Even so, as noted before, the materials are not hearsay under the Federal Rules of Evidence. Notice of the potential for a seat belt to unlatch due to inertial or acceleration forces is relevant to the case. It is not material to the admission of such evidence that it may not involve the same circumstances as the roll over accident in this case. The buckle system is substantially similar, in mechanical terms and construction, so that the potential for inertial unlatching when various forces are applied would give notice to GM of a potential area for consideration and investigation.[1] Therefore, the video may

---

1. An automobile safety belt restraint system must

be designed to withstand a variety of forces that

be admitted and argued for that purpose. *Julander v. Ford Motor Co.*, 488 F.2d 839, 846 (10th Cir.1973); *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir.1987); *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir.1988); *Four Corners Helicopters*, supra p. 1440; *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1108 (8th Cir.1988). A limiting instruction should be given to the jury.

 In addition, plaintiffs' expert, Mr. John Stilson, a mechanical engineer with substantial experience in the area of automobile restraint systems, will offer testimony on what a reasonable manufacturer would do when receiving notice of unlatching and/or inertial unlatching of related belt and buckle systems. He would use the "N Car" video and test reports as part of the basis for his opinion. Rule 703, F.R.E. It appears from the extensive hearings the court held on this matter, that this is the type of data reasonably relied on by experts in the field of automotive engineering in making such a conclusion. The use of the video and report evidence is appropriate for that purpose. *Ramsey v. Culpepper*, 738 F.2d 1092, 1101 (10th Cir.1984); *United States v. Affleck*, 776 F.2d 1451 (10th Cir.1985); *Head v. Lithonia Corp.*, 881 F.2d 941, 944 (10th Cir.1989). The video and data are admissible to show the basis of Stilson's opinion *Wilson v. Merrell Dow Pharmaceuticals, Inc.*, 893 F.2d 1149, 1153 (10th Cir.1990); *Werth v. Makita Electric Works, Ltd.*, 950 F.2d 643, 648–650 (10th Cir.1991). However, the evidence is inadmissible to show a defect in the belting or buckle restraint system or to show causation in regard to the Misener accident. On those matters the evidence is too dissimilar. Plaintiff's expert has testified he would not use the evidence for such a purpose. A proper limiting instruction should be given to the jury. Rule 105, F.R.E. Therefore,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to admit the "N Car" videos and test data is granted, but for the limited purposes identified by the court. Proper

could be encountered in a number of accident situations. For that reason similarity of circum-

limiting instruction should be given as to the use of such evidence.

stance is not especially critical on the issue of notice.